UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TODD EDWARD PETERSON,

                Petitioner,

v.

DANIEL WINKLESKI,

                Respondent.

Case No. 21-CV-1098-JPS

**ORDER**

      In 2006, following a jury trial, Petitioner was convicted of first-degree sexual assault of a child in violation of Wis. Stat. § 948.02(1), as a persistent repeater under Wis. Stat. § 939.62(2m)(b)2, in *State v. Peterson*, 2005CF000194 (Winnebago Cnty. Cir. Ct. Mar. 24, 2005).[1] Petitioner was sentenced to life imprisonment. Before the Court is Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner has also filed a motion for leave to proceed without prepayment of the filing fee. ECF No. 2.

      The Antiterrorism and Effective Death Penalty Act of 1996 limits state prisoners to one collateral attack per judgment of conviction. *See* 28 U.S.C. § 2244(a)–(b). Section 2244(b) addresses second or successive habeas petitions. Section 2244(b)(3), in turn, creates a "gatekeeping" mechanism for the consideration of second or successive petitions in district court. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

---

[1] *Available at* https://wcca.wicourts.gov/ (last visited Dec. 19, 2022).

appeals for an order authorizing the district court to consider the application." Thus, Section 2244(b)(3) allocates subject-matter jurisdiction to the court of appeals. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *see also Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013) ("If a prisoner seeks to challenge his conviction a second time, he must persuade a court of appeals to certify the motion and authorize the district court to hear it.").

In *Nunez*, the court of appeals explained that the district court had no other option but to dismiss the petition:

> No matter how powerful a petitioner's showing, only this court may authorize the commencement of a second or successive petition. Unlike the former standard, under which a second petition could be pursued unless the government established that it was an abuse of the writ, *see McCleskey v. Zant*, 499 U.S. 467, 477, 494–95 (1991), the new prior-approval device is self-executing . . . . A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.

*Id.*

Petitioner previously filed a petition for a writ of habeas corpus in the Eastern District of Wisconsin, *see Peterson v. Pollard*, No. 10-CV-132-PJG (Feb. 17, 2010). In that petition, he sought relief from the imprisonment imposed in the very same conviction from which he presently seeks relief, Winnebago County Circuit Court Case No. 2005CF000194. On July 10, 2012, Magistrate Judge Patricia J. Gorence denied Petitioner's previous habeas petition on the merits and judgment was entered accordingly. *Peterson v. Pollard*, No. 10-CV-132-PJG, ECF No. 25 (July 10, 2012). Petitioner appealed,

and the Seventh Circuit affirmed Magistrate Judge Gorence's decision. *Peterson v. Pollard*, No. 10-CV-132-PJG, ECF No. 39 (July 2, 2014).

Because Petitioner is challenging the same conviction in the instant petition that he challenged in his previous petition, Petitioner's current petition is a second or successive petition. Indeed, Petitioner acknowledges the same in the instant petition, and cites the standard set forth in Section 2244(b) for consideration of a second or successive habeas petition in support of his newly raised claim. ECF No. 1 at 2. As such, and pursuant to Section 2244(b)(3)(A), Petitioner is required to file a motion with the Court of Appeals for the Seventh Circuit for an order authorizing this Court to consider his petition for a writ of habeas corpus. Petitioner has failed to do so, which the Court has confirmed through an independent search on PACER. As a result, the Court lacks jurisdiction over this petition and this court has "no option other than to deny the petition." *Nunez*, 96 F.3d at 991.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Petitioner is entitled to relief. As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's petition.

Page 3 of 4
Case 2:21-cv-01098-JPS   Filed 12/19/22   Page 3 of 4   Document 5

Accordingly,

**IT IS ORDERED** that Petitioner Todd Edward Peterson's petition for a writ of habeas corpus, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** for lack of jurisdiction;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Petitioner Todd Edward Peterson's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.